| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>CIVIL SUMMONS | Case #: **19-CI-003575**<br>Court:    **CIRCUIT**<br>County:   **JEFFERSON Circuit** |

Plantiff, **HAMANN, NEAL VS. WCA GROUP, LLC**, Defendant

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

Memo: Related party is WCA GROUP, LLC

The Commonwealth of Kentucky to Defendant:
**WCA GROUP, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Davis L. Nicholson
Jefferson Circuit Clerk
Date: **6/11/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____          _____
                                              Served By

                                              _____
                                              Title

Summons ID: 169757812269341@00000912550
CIRCUIT: 19-CI-003575 Certified Mail
HAMANN, NEAL VS. WCA GROUP, LLC



Page 1 of 1

eFiled

CASE NO._____  COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION_____

NEAL HAMANN    PLAINTIFF

v.    **COMPLAINT**

WCA GROUP, LLC    DEFENDANT

**SERVE:**   Registered Agent
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

\* \* \* \* \* \* \* \* \* \* \*

Come now the Plaintiff, Neal Hamann, by and through the undersigned counsel, and files this civil action, and in support thereof, states as follows:

### INTRODUCTION

This action is brought to recover unpaid compensation, in the form of unpaid bonuses, owed to Plaintiff, pursuant to the Kentucky Wages and Hours Act, Kentucky Revised Statutes 337.010 *et seq.*, ("KWHA"). Defendant also retaliated against Plaintiff for making protected complaints about not being paid correctly by terminating his employment.

### JURISDICTION AND VENUE

1. This action is brought pursuant to the KWHA, Kentucky Revised Statutes 337.010 *et seq.*, for equitable and declaratory relief and to remedy violations of the wage provisions of the KWHA by Defendant.

2. Within the meaning of the law, and at all times relevant to this Complaint, Defendant was an "employer" and Plaintiff was an "employee."

1

Filed         19-CI-003575   06/11/2019         David L. Nicholson, Jefferson Circuit Clerk

3. Subject matter jurisdiction in this action exists under Section 112 of the Kentucky Constitution because the amount in controversy, excluding interest, costs, and attorney fees exceed the jurisdictional prerequisites of this Court.

4. Venue is proper in Jefferson Circuit Court because all of the specific acts and omissions alleged herein took place in Jefferson County, Kentucky.

## PARTIES

5. Defendant, WCA Group, LLC *d/b/a* Jarboe's Plumbing Heating Cooling ("Jarboe's" or the "Company"), is a Foreign Limited Liability Company in good standing formed and existing under the laws of the State of Indiana. Defendant's principal office is located at 1077 3rd Ave. S.W., Carmel, Indiana 46032. Upon reason and belief Defendant employed Plaintiff and all other individuals mentioned or referred to herein.

6. Plaintiff, Neal Hamann, is an individual residing in Louisville, Jefferson County, Kentucky. Plaintiff Hamann is a former employee of Defendant *d/b/a* Jarboe's.

7. At all times relevant to this action, Defendant has been an "employer" of the Plaintiff as defined by KRS 337.010(1)(d).

8. At all times material to this action, Plaintiff has been an "employee" of Defendant as defined by KRS 337.010(1)(e).

## FACTS

9. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

10. Plaintiff, Mr. Hamann, worked as a Lead Installer for Defendant in the Louisville, Kentucky area.

11. At the time Mr. Hamann was hired, the Company promised that he would be paid

2

Filed         19-CI-003575   06/11/2019         David L. Nicholson, Jefferson Circuit Clerk

bonuses according to Company policy and according to Mr. Hamann's work product.

12.  Upon reason and belief, Mr. Hamann was only provided compensation for bonuses for the month of April 2019.

13.  Mr. Hamann and other employees in the Louisville area have not received the bonuses they were promised and earned.

14.  Mr. Hamann and other employees repeated complained to Larry Montgomery, Install Manager, that they were not being compensated correctly.

15.  After Mr. Montgomery failed to effectively correct the situation, Mr. Hamann contacted the Company's Human Resources Department.

16.  On or about May 3, 2019, Mr. Hamann called Donna Aroson to discuss the issue with his pay.

17.  Ms. Aroson directed Mr. Hamann to contact Dan Lockart, General Manager and Owner, which he did.

18.  On or about May 4, 2019, Mr. Lockart returned Mr. Hamann's call.

19.  Mr. Hamann informed Mr. Lockart that he and others were not receiving their "truck bonuses" the way that they were promised they would and according to Company policy.

20.  Mr. Lockart informed Mr. Hamann that he would address the situation with Mr. Montgomery.

21.  Upon reason and belief, Mr. Lockart met with Mr. Montgomery on or about May 7, 2019, in Louisville, Kentucky.

22.  On or about May 8, 2019, Mr. Montgomery met with Mr. Hamann.

23.  At that meeting Mr. Montgomery said to Mr. Hamann, "[y]ou fucked up by going to Dan."

24. Mr. Montgomery continued by explaining that Mr. Hamann was terminated as a result of contacting Mr. Lockart about the bonuses that have remained unpaid.

25. On or about May 8, 2019, Mr. Hamann was informed by the Human Resources Department that he would not be receiving compensation for his "truck bonuses" or his vacation time and that he owed an additional sum for his tools that would be deducted from his final paycheck.

26. To the present date, Mr. Hamann and other employees in the Louisville area have not been fully compensated for their earned bonuses.

## COUNT I
### Violation of KRS 337.010 *et seq.*, "KWHA"

27. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

28. Defendant's maintained systems and practices relating to its non-payment of earned bonuses to Plaintiff and other employees in the Louisville area.

29. Defendant's failure to provide Plaintiffs, and other similarly situated employees, with a statutorily adequate meal period per eight-hour shift violates KRS 337.355.

30. Plaintiff and other employees in the Louisville area are now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

31. Plaintiff and other employees in the Louisville area have no plain, adequate or complete remedy at law, to redress the wrongs alleged herein. This suit for lost overtime and wages, back-pay, and a declaratory judgment is their only means of securing adequate relief.

32. Upon information and belief, Defendant has engaged in a pattern and practice of violating the provisions of the KWHA by failing to provide Plaintiff and other employees in the Louisville area compensation for earned bonuses in accordance with the KWHA.

33. As a result of Defendant's violations of the KWHA, Plaintiff and other employees in the Louisville area have suffered damages by failing to receive adequate compensation in accordance with KRS 337.060.

34. Upon information and belief, Defendant is aware of the requirements of the KWHA and corresponding regulations and of its own violations of the KWHA. Despite this knowledge, Defendant has failed to pay Plaintiff and other employees in the Louisville area the amount of pay required by the KWHA.

35. Upon information and belief, Defendant has not made a good faith effort to comply with the KWHA.

36. Upon information and belief, Defendant has intentionally failed or refused to pay Plaintiff and other employees in the Louisville area according to the provisions of the KWHA.

37. Upon information and belief, Defendant's failure to compensate Plaintiff and other similarly-situated Installers in its Louisville facility is willful and violates the KWHA.

38. Plaintiff and other employees in the Louisville area are entitled to recover liquidated damages in an amount equal to the amount of unpaid earned bonuses owed to them as well as prejudgment interest pursuant to the KWHA, KRS 337.385.

39. Plaintiff and other employees in the Louisville area are entitled to an award of attorney's fees and costs pursuant to KRS 337.385.

## COUNT II
### Wrongful Termination in Violation of Public Policy

40.     Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

41.     It is the public policy of the Commonwealth of Kentucky as expressed in KRS 337.060 that employers may not wrongfully withhold wages from employees.

42.     When Plaintiff reported the wrongful nonpayment of his and his coworkers' wages to the Company's managers, the Company retaliated against Plaintiff in the form of termination.

43.     As a direct and proximate result of the aforementioned conduct, Plaintiff's rights were violated and he has suffered embarrassment, humiliation, emotional distress, and loss of wages and benefits.

**WHEREFORE**, Plaintiff, pursuant to KRS 337.385 and KRS 446.070, prays for the following relief:

a.  An order awarding damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to KRS 337.385 as well as prejudgment interest;

b.  An order awarding reasonable attorneys' fees, including the costs and expenses of this action pursuant to KRS 337.385;

c.  Such other legal and equitable relief including, but not limited to, any declaratory relief to which they may be entitled;

d.  An order requiring Defendant to make whole Plaintiff by awarding lost wages (plus interest) and liquidated damages; and

e.  Plaintiff further demands a jury to try all issues triable by a jury.

6

Package:000008 of 000018

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

Package : 000008 of 000018

Filed                19-CI-003575    06/11/2019         David L. Nicholson, Jefferson Circuit Clerk

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

DATED: June 10, 2019

        Respectfully submitted,

        */s/ John S. Phillips*
        JOHN S. PHILLIPS
        ADAMS LANDENWICH WALTON, PLLC
        517 W. Ormsby Ave.
        Louisville, Kentucky 40203
        (502) 561-0085
        John@JusticeKY.com

Filed                19-CI-003575    06/11/2019         David L. Nicholson, Jefferson Circuit Clerk

Package:000009 of 000018
Presiding Judge: HON. AUDRA J. ECKERLE (630291)
Package : 000009 of 000018